STATE OF MAINE

ANDROSCOGGIN, SS.

RECEIVED & FILED

MAY 17 2000

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-015

TED - AND - 5/17/00

JONI L. SATTERTHWAITE,

    Plaintiff/Appellant

v.

DUANE E. SATTERTHWAITE,

    Defendant/Appellee

DECISION ON APPEAL

The parties were divorced by judgment of the District Court (Lewiston, *Gorman, J.*) dated October 23, 1996. A child support order was entered requiring defendant to pay $83.16 per week toward the support of the parties' minor child, Justine Nicole. Less than a year later the defendant filed a motion to review and modify the child support alleging, *inter alia*, that he had a decrease in income and had exhausted assets and available credit paying alimony, child support, and debts of the marriage as ordered.

On March 20, 1998, the court (*Gorman, J.*) entered a new child support order reducing defendant's payments to $76.00 per week.

Two months later the defendant filed a motion to reduce the court ordered alimony ($300/month) and to allow him to claim the minor child as a dependent for tax purposes in alternating years. In turn, the plaintiff moved for an order to enforce payment of arrearages of alimony and other amounts due plaintiff and that the defendant be held in contempt.

After a period of attempted resolution through arbitration and mediation, and a number of continuances, the matter was heard by the court.

After hearing, the court (*Gorman, J.,*) made substantial and detailed findings concerning the past and present income of the parties and their current expenses and obligations. In its order, the District Court denied defendant's request to reduce spousal support and ordered him to make payments of sums overdue within 30 days. Mr. Satterthwaite's child support obligation was reduced further to $66.15 per week. The plaintiff's request for an increase in alimony was also denied.

The court's order was dated May 12, 1999, and was entered on the docket on May 13, 1999. The plaintiff entered an appeal on June 11, 1999, the last available day under M.R. Civ. P. 76D. The defendant also entered an appeal; however, the written notice filed by his attorney, who had previously appeared then withdrew,[1] was not filed until June 30, 1999, outside the 30 day appeal period. Whereas no authorization was applied for or granted to permit a late filing, this court is without jurisdiction to hear defendant's appeal. *Id.*

The plaintiff filed a timely brief and the defendant, again appearing *pro se*, asked for an extension of time to file his brief alleging that he had not received court notices and that there was some confusion because his former attorney was moving his office and going to a different firm. The plaintiff objected to the extension and that the defendant be excluded from oral argument.

In the objection, counsel stated that because of the appellee's "failure to file his brief on a timely basis, the [a]ppellant's ability to get a swift resolution of her concerns

---

1. Counsel withdrew his appearance on the appeal six months after filing the late notice.

has been lost." Counsel ignores the fact that the issues presented in this appeal were brought in the District Court by motions filed in July and August of 1998, and that hearings were postponed in the District Court at least two times by agreed-to motions to continue and once at plaintiff's counsel's request. There is no prejudice to the plaintiff by allowing the defendant to proceed in opposition to plaintiff's appeal.

The defendant's brief; however, does contain reference to facts not presented to the District Court. They are, therefore, not considered in reviewing this case on appeal.

On review, this court finds that the decision of the District Court is more than adequately supported by the facts in the record. The decision not to alter the amount of alimony and to allow a small reduction in child support payments are within the discretion of the court based on the evidence.

The entry will be:

1. Defendant/Appellee's appeal is dismissed as untimely.

2. Plaintiff/Appellant's appeal is denied.

3. This case is remanded to the District Court for entry of final judgment.

4. No attorney fees are awarded.

So ordered.

DATED: May 17, 2000

Thomas E. Delahanty II
Justice, Superior Court

Neil Shankman
Plaintiff


Defendant
Pro Se